UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY STEFANO, <br><br> Plaintiff, <br><br> v. <br><br> COLLECTORS UNIVERSE, INC., A.J. MOYER, JOSEPH J. ORLANDO, BRUCE A. STEVENS, JENNIFER H. LEUER, JON M. SULLIVAN, KATE W. DUCHENE, LORRAINE G. BARDEEN, VINA M. LEITE, CARDS PARENT LP, and CARDS ACQUISITION INC., <br><br> Defendants. | Case No. _____ <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on November 30, 2020 (the "Proposed Transaction"), pursuant to which Collectors Universe, Inc. ("Collectors" or the "Company") will be acquired by an investor group led by Nat Turner, D1 Capital Partners L.P., and Cohen Private Ventures, LLC.

2. On November 30, 2020, Collectors' Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Cards Parent LP ("Parent") and Cards Acquisition Inc. ("Merger Sub," and together with Parent, "Cards"). Pursuant to the terms of the Merger Agreement, Merger Sub commenced a tender offer (the "Tender Offer") to purchase all of Collectors' outstanding common

stock for $75.25 in cash per share.  The Tender Offer is set to expire on January 19, 2021.

3. On December 17, 2020, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Collectors common stock.

9. Defendant Collectors is a Delaware corporation and a party to the Merger Agreement.  Collectors' common stock trades on the NASDAQ, which is headquartered in New York, New York, under the ticker symbol "CLCT."

10. Defendant A.J. Moyer is Chairman of the Board of the Company.

11. Defendant Joseph J. Orlando is President, Chief Executive Officer, and a director of the Company.

12. Defendant Bruce A. Stevens is a director of the Company.

13. Defendant Jennifer H. Leuer is a director of the Company.

14. Defendant Jon M. Sullivan is a director of the Company.

15. Defendant Kate W. Duchene is a director of the Company.

16. Defendant Lorraine G. Bardeen is a director of the Company.

17. Defendant Vina M. Leite is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19. Defendant Parent is a Delaware limited partnership and a party to the Merger Agreement.

20. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

21. Collectors is a leading provider of value-added services to the collectibles markets.

22. The Company authenticates and grades collectible coins, trading cards, event tickets, autographs, and memorabilia.

23. The Company also compiles and publishes authoritative information about United States and world coins, collectible trading cards, and sports memorabilia and operates its CCE dealer-to-dealer Internet bid-ask market for certified coins and its Expos trade show and conventions business.

24. On November 30, 2020, Collectors' Board caused the Company to enter into the Merger Agreement with Cards.

25. Pursuant to the terms of the Merger Agreement, Merger Sub commenced the Tender Offer to acquire all of Collectors' outstanding common stock for $75.25 in cash per share.

26. According to the press release announcing the Proposed Transaction:

Collectors Universe, Inc. (NASDAQ: CLCT) ("Collectors Universe" or the "Company"), a leading provider of value-added authentication and grading services to dealers and collectors of collectibles, today announced that it has entered into a definitive agreement under which an investor group led by entrepreneur and sports card collector Nat Turner, D1 Capital Partners L.P., and Cohen Private Ventures, LLC (the "Investor Group") will acquire all of the Company's outstanding shares of common stock for $75.25 per share in cash. . . .

Transaction Details

The transaction will be completed through a cash tender offer for all of the outstanding common shares of Collectors Universe for $75.25 per share in cash, to be commenced as promptly as reasonably practicable, followed by a merger in which any remaining outstanding shares of Collectors Universe will be converted into the right to receive the same cash price per share paid in the tender offer. The closing of the tender offer is subject to certain limited and customary conditions, including the tender by Collectors Universe shareholders of at least one share more than 50% of Collectors Universe's issued and outstanding shares and expiration or early termination of the statutory waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976.

The Collectors Universe Board of Directors recommends that all shareholders tender their shares in the offer.

The transaction is expected to close in the first calendar quarter of 2021. Upon completion of the transaction, Collectors Universe will become a privately held company and its shares will no longer be listed on any public market.

Advisors

Houlihan Lokey is serving as financial advisor to the Company and Wilson Sonsini Goodrich & Rosati, Professional Corporation is serving as legal counsel.

Allen & Company LLC is serving as financial advisor to the Investor Group and Sullivan & Cromwell LLP and Paul, Weiss, Rifkind, Wharton & Garrison LLP are serving as legal counsel.

*The Solicitation Statement Omits Material Information, Rendering It False and Misleading*

27. Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

28. As set forth below, the Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

29. First, the Solicitation Statement omits material information regarding the Company's financial projections.

30. The Solicitation Statement fails to disclose: (i) all line items used to calculate Adjusted EBITDA and Adjusted EBIT; (ii) projected net income; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

31. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

32. Second, the Solicitation Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Houlihan Lokey Capital, Inc. ("Houlihan").

33. With respect to Houlihan's Selected Companies Analysis, the Solicitation Statement fails to disclose: (i) the individual multiples and metrics for the companies observed in the analysis; (ii) total debt, cash, and cash equivalents; and (iii) the number of fully diluted Company shares outstanding.

34. With respect to Houlihan's Selected Transactions Analysis, the Solicitation Statement fails to disclose: (i) the individual multiples and metrics for the transactions observed

in the analysis; (ii) total debt, cash, and cash equivalents; (iii) the number of fully diluted Company shares outstanding; and (iv) the premiums paid in the transactions.

35. With respect to Houlihan's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) the terminal values used in the analysis; (ii) the individual inputs and assumptions underlying the discount rates ranging from 9.0% to 11.0%; (iii) the total debt, cash, and cash equivalents used in the analysis; and (iv) the number of fully diluted shares outstanding.

36. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

37. Third, the Solicitation Statement omits material information regarding Houlihan.

38. The Solicitation Statement fails to disclose the amount of Houlihan's compensation that is contingent upon the consummation of the Proposed Transaction.

39. The Solicitation Statement fails to disclose the timing and nature of the past services Houlihan provided to: (i) the Company and its affiliates; (ii) the "D1 Group"; and (iii) the "Cohen Private Ventures."

40. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

41. Fourth, the Solicitation Statement fails to disclose whether the Company entered into any confidentiality agreements that contained standstill and/or "don't ask, don't waive" provisions.

42. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

43. Fifth, the Solicitation Statement omits material information regarding the process leading up to the execution of the Merger Agreement.

44. The Solicitation Statement fails to disclose the terms of the settlement agreement executed with Alta Fox Capital Management, LLC on or around September 29, 2020.

45. The Solicitation Statement also fails to disclose the nature of Deborah A. Farrington's potential or actual conflict of interest.

46. Stockholders are entitled to an accurate description of the process leading up to the Proposed Transaction.

47. The omission of the above-referenced material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: The Solicitation or Recommendation.

48. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**(Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)**

49. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50. Section 14(e) of the 1934 Act states, in relevant part, that:

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

51. Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

52. The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

53. The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

54. By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

55. The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

56. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

57. By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

58. Because of the false and misleading statements in the Solicitation Statement, plaintiff is threatened with irreparable harm.

59. Plaintiff has no adequate remedy at law.

## COUNT II

**(Claim for Violation of 14(d) of the 1934 Act Against Defendants)**

60. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

61. Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

62. Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

63. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

64. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

65. The omissions in the Solicitation Statement are material to plaintiff, and he will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

9

66. Plaintiff has no adequate remedy at law.

## COUNT III

**(Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants and Cards)**

67. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

68. The Individual Defendants and Cards acted as controlling persons of Collectors within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as directors of Collectors and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

69. Each of the Individual Defendants and Cards was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

70. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

71. Cards also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or

10

misrepresented in the Solicitation Statement.

72. By virtue of the foregoing, the Individual Defendants and Cards violated Section 20(a) of the 1934 Act.

73. As set forth above, the Individual Defendants and Cards had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

74. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

75. Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.	Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: December 23, 2020                           **RIGRODSKY & LONG, P.A.**

By:  */s/ Timothy J. MacFall*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
Email: tjm@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

12